IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jamarcus Terrell Gregory, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:23-cv-07099-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Cherokee County Detention Center and | ) | |
| Kirkland Correctional Institution, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jamarcus Gregory, proceeding *pro se* and *in forma pauperis*, (ECF No. 9), filed this action on December 29, 2023. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Thereafter, the magistrate judge issued an order advising Plaintiff of the necessary steps to bring his case into proper form. (ECF No. 8). In that order, he advised Plaintiff that his case was subject to summary dismissal and granted him additional time to file an amended complaint to correct the defects noted in his order. *Id*. at 1–2. Plaintiff filed an amended complaint, but he failed to correct the deficiencies noted in the magistrate judge's order. (ECF No. 11). Now before the court is the magistrate judge's Report and Recommendation ("Report"), finding Plaintiff failed to state a claim upon which relief can be granted and recommending the court dismiss this action with prejudice and without issuance and service of process. (ECF No. 15). Plaintiff filed objections to the Report, (ECF No. 17), and this matter is ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th

1

454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61.

This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Cherokee County Detention Center and Kirkland Correctional Institution. (ECF Nos. 1, 11). In his amended complaint, Plaintiff provides he is being "held over [his] time" and that his "rights [are] being violated." (ECF No. 11). As relief, he appears to seek release from confinement. *Id*. at 6.

The magistrate judge determined this case was subject to dismissal for failure to state a claim upon which relief can be granted. (ECF No. 15). First, he explained both defendants are subject to summary dismissal because neither is a "person" subject to suit under a § 1983 civil rights action. *Id*. at 3. He also determined Plaintiff's requested relief, that is, that he be released from confinement, is not an available remedy in a § 1983 action.[1] *Id*. The magistrate judge again explained, as he did in his order at docket entry 8, that such relief should be sought in habeas corpus proceedings. *Id*.

---

[1] Plaintiff requested monetary relief in his initial complaint, (ECF No. 1 at 7), but he did not reiterate such request in his amended complaint. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (recognizing that, "[a]s a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect'") (quoting *In re Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)). In neither complaint, however, did Plaintiff name a person subject to suit in a § 1983 case.

In his objections to the Report, Plaintiff does not dispute either of the magistrate judge's findings that support his conclusion that this case fails to state a claim upon which relief may be granted. (ECF No. 17). Instead, Plaintiff "object[s] for the reason of . . . not having the proper assistance" for his case. *Id*. at 1. He also recognizes that "habeas corpus is the exclusive remedy" for his claims. *Id*.

As Plaintiff does not object to either basis justifying dismissal of his case, indeed he concedes habeas corpus is the proper avenue for pursuing his claims, the court must only review the magistrate judge's recommendation for clear error. Having found none, the court agrees with the magistrate judge that this case should be dismissed and **ADOPTS IN PART** the magistrate judge's Report *to the extent* he recommends this case be *dismissed*.

The court liberally construes Plaintiff's objections as expressing a desire to pursue his claims in a habeas corpus proceeding. Therefore, the court directs the Clerk's Office to mail a copy of this order along with the necessary forms for filing a petition for a writ of habeas corpus to Plaintiff's last known address. To avoid any potential confusion over whether Plaintiff may be permitted to pursue the claims raised in this action in a subsequent habeas action, the court **DECLINES TO ADOPT** the portion of the Report that recommends dismissing Plaintiff's § 1983 claims *with prejudice*.

## CONCLUSION

Accordingly, for the reasons stated herein, the court **ADOPTS IN PART** the Report, (ECF No. 15), which is incorporated herein. This action is hereby **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

Anderson, South Carolina
November 21, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.